UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTWON FERRELL, | ) | 1:08-cv-00944 LJO YNP (DLB) (HC) |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | ) | |
| R.A. HOREL, | ) | |
| | ) | [Doc. #11] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On July 30, 2004, Petitioner was convicted of two counts of robbery with personal use of a firearm and two counts of simple assault with personal use of a firearm plus gang enhancements. Petitioner was sentenced to thirty years and eight months in prison. (Pet. at 1; MTD at 1-2).

On August 25, 2005, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lod. Doc. 2).

On November 30, 2005, the California Supreme Court also denied review. (Lod. Doc. 4).

Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court on

May 3, 2006.[1]  The petition was denied on May 12, 2006.  (Lod. Docs. 5, 6).

Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District, on November 7, 2006.  The state appellate court denied the petition on February 9, 2007.  (Lod. Docs. 7, 8).

Petitioner filed the instant petition on June 18, 2008.  (Doc. #1).  On September 11, 2008, Respondent filed a motion to dismiss claiming that the petition was filed outside the one year statute of limitations and that the petition contains unexhausted claims.  (Doc. #11).  Petitioner did not file objections to Respondent's motion.  It is Respondent's motion to dismiss that will be considered herein.

**DISCUSSION**

**I.  Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, the conviction challenged arises out of the Kings County Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).  Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320

---

[1] Although the petition was filed in the Kings County Superior Court on May 8, 2006, the petition was dated May 3, 2006. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the prison mailbox rule, the Court deems the petition filed on May 3, 2006, the date Petitioner presumably handed his petition to prison authorities for mailing. All documents filed by Petitioner will adhere to the prison mailbox rule unless otherwise stated.

(1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

## II. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." *See* Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

## III.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. at 117; Jeffries v. Wood, 114 F.3d at 1499. As noted above, the instant petition is subject to the requirements laid out in the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. When a petitioner has sought all levels of direct review, a judgement becomes final after completion of certiorari proceedings in the United States Supreme Court or after the expiration of the time for filing a writ of certiorari. Clay v. United States, 537 U.S. 522, 524-25, 527 (2003). After the California Supreme Court denied review, Petitioner had 90 days in which to filed a writ of certiorari. The state supreme court denied petitioner on November 30, 2005, giving Petitioner until February 28, 2006 to file for a writ of certiorari with the United States Supreme Court. When Petitioner failed to do so, the state court's decision became final and the one year limitation period began to run on March 1, 2006. Absent any applicable tolling, Petitioner had until March 1, 2007 by which to file a petition for writ of habeas corpus in the federal district court.

**IV.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

state court system. Carey v. Saffold, 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d at 1247 (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

The limitation period is tolled while a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). "A state post conviction petition rejected by the state court as untimely" cannot be considered "properly filed." Id.

Petitioner filed his petition for habeas corpus with the superior court on May 3, 2006 or 63 days after the limitation period began to run. Respondent does not contend that Petitioner's application was improperly filed; therefore, the limitation period was tolled while the petition was pending in the superior court.

In California, there is no question of timeliness with regard to the filing of habeas petitions, rather, the question is whether the petitioner exercised due diligence and a petitioner is merely required to file his petition within a reasonable time. Saffold, 536 U.S. at 235. In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Evans v. Chavis, 546 U.S. 189, 197 (2006). In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 201. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id., *quoting* Saffold, 536 U.S. at 219. In addition, the Supreme Court provided the following guidance for determining

timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 546 U.S. at 199-200, *citing* Saffold, 536 U.S. at 222-223.

Petitioner's petition was denied in the superior court on May 12, 2006 but he did not file in the state appellate court until November 11, 2206.  Petitioner's delay of 179 days is far greater than the short period of time of 30 to 60 days provided by most states for filing an appeal. A delay of nearly six months, when only one or two months is normally allotted, seems excessive.  Because petitioner waited an unreasonable time before filing in the appellate court, he cannot receive tolling for the time between the superior court denial and the date his petition was filed with the appellate court.  When those 179 days are added to the 63 days that ran at the beginning, Petitioner had, at this point, used up 242 days out of the 365 which he is allotted.

Respondent does not argue that the petition was improperly filed in the state appellate court; therefore, the limitation period is tolled while that petition was pending from November 7, 2006 to February 9, 2007.

Petitioner did not file in Federal District Court until June 18, 2008; which is 495 days after his petition was denied by the state appellate court.  A 495 day delay is clearly unreasonable under Chavis and Saffold; in fact, this delay alone is enough to render the petition untimely.  Because petitioner did not file his petition for writ of habeas corpus with the federal court within the one year limitation period, the petition should be dismissed with prejudice.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

1 California.  Within thirty (30) days after being served with a copy of this Findings and
2 Recommendation, any party may file written objections with the Court and serve a copy on all
3 parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
4 Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days
5 (plus three days if served by mail) after service of the Objections.  The Finding and
6 Recommendation will then be submitted to the District Court for review of the Magistrate Judge's
7 ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
8 within the specified time may waive the right to appeal the Order of the District Court.  Martinez v.
9 Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 19, 2009              /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE